IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Yousef A. Roseboro, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:13cv513 (LO/TRJ)** |
| | ) | |
| Gerard Brown, | ) | |
|     Defendant. | ) | |

MEMORANDUM OPINION

Yousef A. Roseboro, a former federal inmate proceeding pro se, has filed an action

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and Bivens v.

Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  On

October 23, 2013, this Court construed plaintiff's claim as arising solely pursuant to Bivens,

added Gerard Brown as an individual-capacity defendant, and directed the defendant to address

whether plaintiff's claim is barred by the applicable statute of limitations.  See Dkt. 11.

Defendant Brown filed a Motion to Dismiss, arguing that plaintiff's Bivens claim is time-barred.

Dkt. 34.  Plaintiff filed a response, and defendant filed a reply to this response.  Dkt. 39, 40.  For

the reasons that follow, defendant Brown's Motion to Dismiss will be granted.

However, in its October 23, 2013 Order, the Court dismissed the United States as a

defendant, but did not explicitly dismiss plaintiff's FTCA claim.  Because it appears that plaintiff

has properly stated an FTCA claim, the United States will be reinstated as a defendant, and

plaintiff will be directed to provide additional information surrounding the filing of his FTCA

administrative claims.

## I. Background

On July 29, 2010, plaintiff, then housed at FCC Petersburg ("Petersburg") was struck by

an institutional mail cart being driving by defendant Brown, a Petersburg employee. See Compl.

[Dkt. 1], at "Statement of Claim" III.  Plaintiff states that, at the time of the collision, Brown was

"recklessly" driving the cart, and "turned a corner at a high rate of speed on the sidewalk

between the Carolina and Virginia housing units towards the backs of unsuspecting prisoners"

walking between units. Am. Compl. [Dkt. 7] ¶ 6.  Brown allegedly did not sound the horn or

otherwise alert the prisoners to his presence.  Id.  The cart then rolled over plaintiff's right foot,

striking his right shoulder, hip, and lower back.  Id.

Plaintiff states that he "was in such pain he could not move," but that Brown did nothing

to assist him.  Id. ¶ 7.  Brown stopped the cart approximately fifty feet from plaintiff, stepped out

to ask "if [plaintiff] was o.k., but . . . [then] hopped back into his cart and sped away."  Id.

Brown allegedly did not attempt to assess plaintiff's injuries, did not offer to bring plaintiff to the

medical wing, and did not alert medical staff to plaintiff's injuries.  Id.  As a result of this

incident, plaintiff "suffered permanent damage to [his] shoulder, hip, and lower back."  Compl.,

at "Statement of Claim" III.  These injuries necessitated surgery to repair a torn rotator cuff in

March, 2011.  See Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.")

[Dkt. 35], Ex. A [Dkt. 37], at unnumbered page 1.

Plaintiff filed a request for an administrative remedy on August 13, 2010.  See id. Ex. A,

at unnumbered page 7.  After his request was denied by the Petersburg warden, he filed all

required appeals.  See id. at unnumbered pages 1-6.  Plaintiff's final administrative appeal was

denied on November 4, 2011.  Plaintiff also filed administrative claims pursuant to the FTCA,

requesting $1,000,000 in damages.  The Bureau of Prisons' Mid-Atlantic Regional Director

denied plaintiff's FTCA administrative claims on November 27, 2012. <u>See</u> Am. Compl, Ex. B,

C. Plaintiff filed his lawsuit on March 25, 2013, and it was docketed in this Court on April 25,

2013.

## II. Motion to Dismiss

In its initial screening of plaintiff's complaint, the Court noted that plaintiff's claim

accrued three years before the date on which he filed his lawsuit. <u>See</u> Order, June 10, 2013 [Dkt.

3]. There is no federal statute of limitations for <u>Bivens</u> claims, so courts look to the state

limitations period which governs personal injury actions. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261,

280 (1985), <u>overruled on other grounds by</u> <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369

(2004); <u>Blanck v. McKeen</u>, 707 F.2d 817, 819 (4th Cir. 1983) (per curiam). Virginia has a two-

year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which

is the applicable statute of limitations in this action. <u>See</u> <u>Shelton v. Angelone</u>, 148 F. Supp. 2d

670, 677 (W.D. Va. 2001), <u>aff'd</u>, 49 F. App'x. 451 (4th Cir. Oct. 30, 2002) (unpublished

opinion). Plaintiff argued that the statute of limitations should have been tolled during the time

that he exhausted his administrative remedies pursuant to the Prison Litigation Reform Act

"(PLRA"), 28 U.S.C. § 1997(e), as well as the time during which he exhausted his FTCA

administrative remedies. <u>See</u>, <u>e.g.</u>, Am. Compl. ¶ 3.

Although federal courts are "obligated not only to apply the analogous state statute of

limitations to federal constitutional claims brought under § 1983,[1] but also to apply the State's

rule for tolling that statute of limitations," <u>Scoggins v. Douglas</u>, 760 F.2d 535, 537 (4th Cir.

1985) (citing <u>Bd. of Regents of Univ. of New York v. Tomanio</u>, 446 U.S. 478, 484-86 (1980)),

the Fourth Circuit has not addressed whether the statute of limitations should be equitably tolled

---

[1] As <u>Bivens</u> actions also raise federal constitutional claims, the analysis of the application of
the statute of limitations in <u>Bivens</u> actions is identical to the analysis in § 1983 actions.

3

during plaintiff's exhaustion of administrative remedies.  Accordingly, the Court directed the

defendant to address this limited issue in his response to plaintiff's claims.  As defendant Brown

is properly before the Court in his individual capacity only pursuant to plaintiff's <u>Bivens</u> claim,

he filed a Motion to Dismiss on the basis that plaintiff's <u>Bivens</u> claim is time-barred.

Defendant's Motion will be granted.

A.  Standard of Review

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

court must presume that all factual allegations in the complaint are true, and must draw all

reasonable inferences in the plaintiff's favor.  <u>See, e.g.</u>, <u>Burbach Broad. Co. of Del. v. Elkins

Radio Corp.</u>, 278 F.3d 401, 406 (4th Cir. 2002).  Therefore, a court may not dismiss a complaint

if the plaintiff pleads any plausible set of facts that would entitle him to relief.  <u>See, e.g.</u>, <u>Conley

v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  A claim has plausibility if the plaintiff alleges sufficient

facts by which a court could reasonably infer the defendant's liability.  <u>Ashcroft v. Iqbal</u>, 556

U.S. 662, 678 (2009 (citing <u>Bell Atl. v. Twombly</u>, 550 U.S. 544, 556 (2007)).  To meet this

standard, however, the plaintiff must do more than simply allege "threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements . . . ."  <u>Id.</u> (citing

<u>Twombly</u>, 550 U.S. at 555)).  Thus, the plaintiff must allege facts that show more than a "mere

possibility of misconduct" by the defendant.  <u>Id.</u> at 679.

While courts must hold complaints filed by <u>pro se</u> prisoners to less stringent standards

than formal pleadings drafted by lawyers . . . ."  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972),

<u>pro se</u> plaintiffs must meet the plausibility standard to withstand a Rule 12(b)(6) motion.

Accordingly, plaintiff, although he is a <u>pro se</u> prisoner, must provide some "factual

enhancement" to his allegations in order to state a claim for relief.  <u>Twombly</u>, 550 U.S. at 557

(internal quotation marks omitted).

4

B.  Plaintiff's *Bivens* Claim is Time-Barred

It is undisputed that plaintiff's complaint was filed more than two years after his cause of action accrued.  While state law governs the application of the statute of limitations in <u>Bivens</u> actions, federal law determines when a cause of action "accrues." <u>Miller v. United States</u>, 932 F.2d 301, 303 (4th Cir. 1991).  In general, a cause of action accrues when plaintiff is "in possession of the critical facts that has been hurt and who inflicted the injury." <u>United States v. Kubrick</u>, 444 U.S. 111, 122 (1979).  Because plaintiff was injured on July 29, 2010, and knew that he was injured due to the actions of defendant Brown, his cause of action accrued on that day.  However, plaintiff did not file this lawsuit until March 25, 2013.  Plaintiff argues, however, that his complaint is not time-barred, because the statute of limitations was tolled during the time he spent exhausting his administrative remedies pursuant to the PLRA. <u>See, e.g.</u>, Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") [Dkt. 39], at 2-3.

Virginia Code. § 8.01-229 provides for tolling of all statute of limitations during the time a plaintiff is under a disability, for a period of time after the death of a party, during the pendency of a criminal prosecution against either party, and other circumstances not relevant to this case. <u>See</u> Va. Code § 8.01-229(A)-(K).  Thus, the only possible tolling of the limitations period applicable to plaintiff's case is equitable tolling.  As there is no federal statute of limitations applicable to <u>Bivens</u> actions, the question of whether the statute of limitations should be equitably tolled is also governed by state law. <u>See, e.g.</u>, <u>Wade v. Danek Med., Inc.</u>, 182 F.3d 281, 289 (4th Cir. 1999).  The Fourth Circuit has yet to answer the question of whether an inmate is entitled to equitable tolling of the statute of limitations in a <u>Bivens</u> action while exhausting PLRA remedies.

Virginia courts, however, have generally taken a restrictive view of equitable tolling. The Virginia Supreme Court has held that "statutes of limitations are strictly enforced and exceptions thereto are narrowly construed.  Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute." Arrington v. Peoples Sec. Life Ins. Co., 250 Va. 52, 55, 459 S.E.2d 289, 2991(1995).  The court has only refused to apply the statute of limitations when "the positive and plain requirements of an equitable estoppel preclude" its application. Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc., 221 Va. 81, 85, 266 S.E.2d 887, 889 (1980) (quoting Brunswick Corp. v. Perkinson, 153 Va. 603, 608, 151 S.E. 138, 140 (1930)). Thus, absent compelling circumstances, the Virginia Supreme Court has strictly applied all relevant statutes of limitations. See, e.g., Casey v. Merck & Co., Inc., 283 Va. 411, 416, 722 S.E.2d 842, 845 (2012) ("[T]here is no authority in Virginia jurisprudence for the equitable tolling of a statute of limitations based upon the pendency of a putative class action in another jurisdiction.").

Thus, it is clear that, under Virginia law, plaintiff is not entitled to automatic equitable tolling of the statute of limitations while he exhausted his remedies under the PLRA.  In addition, the principles of equitable estoppel that would warrant equitable tolling of the statute of limitations do not apply to this case.  To invoke equitable estoppel – and thus be entitled to equitable tolling – under Virginia law a party must prove, "by clear, precise, and unequivocal evidence" that (1) a party knowingly and falsely concealed a material fact, with the intention that the opposing party would rely on this representation; (2) the party invoking equitable estoppel did not know the true nature of the material fact; (3) the party invoke estoppel relied on the misrepresentation; and (4) the party invoking estoppel "was misled to his injury." Boykins

6

Narrow Fabrics Corp., 221 Va. at 86, 266 S.E.2d at 890 (internal citations omitted). Thus, plaintiff must show that the defendant somehow prevented plaintiff from filing suit within the statutory time period. Id. at 87, 890. Plaintiff cannot meet the requirements of equitable estoppel.

Specifically, plaintiff has not presented any evidence of misrepresentation or misconduct by the defendant, or any attempt to impede plaintiff's lawsuit. See Wagner v. Barnette, No 7:12cv441, 2014 WL 695388, at *4 (W.D. Va. Feb. 24, 2014) (citing Boykins Narrow Fabrics Corp., 221 Va. at 85, 255 S.E.2d at 890) (finding, on similar facts, that plaintiff had not satisfied the requirements for equitable tolling). Plaintiff asserts, without any support, that, although the final denial of this administrative appeal was dated on November 4, 2011, this date was "falsely stamped." Pl.'s Opp., 4. He also states that he did not receive notice of this denial until May of 2012, after he had been transferred to another institution. He thus asserts that he "is entitled to equitable tolling as a result of the BOP deliberate delay [sic]." Id. As there is no evidence to support plaintiff's contention that the Bureau of Prisons actually delayed in responding to plaintiff's claims, his contention is without merit.[2]

Plaintiff also states that this Court should follow the holdings of the Fifth and Seventh Circuits, which have allowed the statute of limitations to be tolled in Bivens actions during the time in which a plaintiff exhausts his remedies under the PLRA. Id. at 4-5. Both the Fifth and the Seventh Circuits, however, have allowed for statutory – rather than equitable – tolling of the

_____

[2] Even taking plaintiff's contention as true, however, plaintiff still had two months from the date of receiving this final denial, in May 2012, to timely file a lawsuit. He waited an additional ten months to do so. As "equity aids the vigilant and not those who slumber on their rights," Kansas v. Colorado, 514 U.S. 673, 687 (1995), it would not be appropriate to equitably toll the statute of limitations even if plaintiff received his final denial in May of 2012. See Lujan v. Teters, No. 7:06cv748, 2007 WL 4376149, at *5 (W.D. Va. Dec. 14, 2007) (finding that no equitable tolling was appropriate for an inmate who delayed in filing his Bivens action after receiving final denial of his administrative remedies).

statute of limitations when the requisite state statutes clearly allowed for such tolling. See, e.g., Johnson v. Rivera, 272 F.3d 519, 521-22 (7th Cir. 2001) (applying Illinois law, which mandates tolling "if a 'statutory prohibition exists that prevents a plaintiff's cause of action"); Harris v. Hegmann, 198 F.3d 153, 157-58 (5th Cir. 1999) (applying Louisiana law, which requires tolling in any case in which a party is "legally unable to act" due to, among other factors, "administrative restraints"). The Second and Ninth Circuits have also allowed for the tolling of the statute of limitations when necessary to protect "a prisoner's ability to file his complaint within the limitations period." Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2005); see also Gonzalez v. Hasty, 651 F.3d 318, 323-24 (2d Cir. 2011) (internal quotations omitted). Even if these cases were binding on this Court, however, plaintiff has not provided any facts to show that the defendant's actions left him in danger of missing the requisite filing period, and he has therefore failed to show that he would be entitled to equitable tolling.

Plaintiff also states that he was "not permitted to file his complaint until he had fully exhausted his administrative remedies," which took until November 29, 2012, when the Bureau of Prisons denied his final FTCA claim. See Pl.'s Opp., at 5. While plaintiff's argument is a correct statement of the law, the processing of his FTCA claims had no impact on the timeliness of his Bivens action. There mere fact that plaintiff had to comply with two different exhaustion and timeliness requirements does not warrant equitable tolling of the statute of limitations in his Bivens claim. As explained infra, plaintiff timely filed his FTCA claim. However, the fact that his FTCA claim was timely filed does not merit equitable tolling of the Bivens statute of limitations.

Because plaintiff's claim against defendant Brown was filed beyond the two-year statute of limitations, plaintiff's Bivens claim must be dismissed.

8

### III. FTCA Claim

It is clear, however, that plaintiff's FTCA claim is properly before the Court. The FTCA

confers exclusive jurisdiction on the district courts to hear civil actions:

> [A]gainst the United States, for money damages . . . for injury or loss of property,
> or personal injury or death caused by the negligent or wrongful act or omission of
> any employee of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a private person,
> would be liable to the claimant in accordance with the place where the act or
> omission occurred.

28 U.S.C. § 1346(b)(1). To be actionable under § 1346(b), a claim must allege . . . that the

United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law

of the place where the act or omission occurred.'" FDIC v Meyer, 510 U.S. 471, 477 (1994)

(quoting § 1346(b)(1)). Because "law of the place' means law of the state," state law provides

the source of substantive liability under the FTCA, as it does under Bivens. Id. at 478; see also

Richards v. United States, 369 U.S. 1, 6 (1962).

Before a plaintiff can bring an FTCA claim to federal court, he must have presented his

claim to the appropriate federal agency, and the agency must have denied the claim in writing.

28 U.S.C. § 2675(a). A tort claim is "forever barred" unless it is presented in writing to the

appropriate federal agency within two years after accrual, or unless the action is begun within six

months of the final denial of the claim by the agency. 28 U.S.C. § 2401(b). To properly

"present" a claim to a federal agency, the plaintiff must provide a written statement "sufficiently

describing the injury to enable the agency to begin its own investigation," GAF Corp. v. United

States, 818 F.2d 901, 905 (D.C. Cir. 1987), as well as provide "a claim for money damages in a

sum certain for injury to or loss of property, personal injury, or death," 28 C.F.R. § 14.2(a); see

also Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994). Exhaustion of remedies is a

jurisdictional requirement, and a court may not entertain an FTCA suit based on an unexhausted

claim. See McNeil v. United States, 508 U.S. 106, 113 (1993); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

Although plaintiff has not included his FTCA administrative grievances, it is clear from his amended complaint and the attached documents that he submitted a written complaint to the Bureau of Prisons, requesting a specified sum of money. On October 31, 2012, plaintiff received a letter from the Bureau of Prisons' Mid-Atlantic Regional Counsel, informing him that his administrative claim, filed pursuant to the FTCA, in which he "allege[d] government liability in the amount of $1,000,000 for alleged personal injury," had been denied. Am. Compl., Ex. B. On November 27, 2012, plaintiff received a similar letter stating that the Bureau of Prisons had reconsidered his claims, but again found them to be meritless. This letter informed plaintiff that he could file suit in United States District Court within six months. Id. Ex. C. Therefore, it appears from the record that plaintiff has exhausted his FTCA remedies. As it is also clear that plaintiff filed the instant case within six months of the November 27, 2012 denial of his claim, his FTCA claim was timely filed.

In its October 23, 2013 Order, the Court dismissed "United States government" as a defendant in this action. However, the Court never explicitly dismissed plaintiff's FTCA claim. See Order, Oct. 23, 2013 [Dkt. 11]. As it appears that plaintiff's FTCA claim is properly before the Court, the Court will allow this claim to proceed. Thus, the United States must be reinstated as a defendant. Before the Court can effectuate service on the United States, however, plaintiff is directed to particularize and amend his complaint. Specifically, the Court is unable to determine the specific facts upon which plaintiff bases his FTCA claim. Accordingly, plaintiff is directed to particularize and amend his FTCA complaint by providing the basic facts underlying his complaint. Plaintiff is also requested to provide copies of his FTCA administrative remedies

to this Court, if available.  He is also directed to complete and submit a new application to proceed in forma pauperis, as it appears that he has been released from incarceration.

### IV. Conclusion

For the foregoing reasons, defendant Brown's Motion to Dismiss will be granted, and he will be dismissed from this action with prejudice.  Plaintiff's FTCA claim will remain before the Court, and the United States will be reinstated as a defendant.

Entered this _____ day of _____ 2015.


Alexandria, Virginia


_____ /s/
Liam O'Grady
United States District Judge

11